IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALEJANDRO A. VALDEZ,

    Plaintiff,

  v.
                                      No. CIV 15-00122-RB-SCY

BERNALILLO COUNTY SHERIFF'S
OFFICE,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons set out below, Plaintiff's complaint will be dismissed and Plaintiff will be granted leave to file an amended complaint within twenty-one days of the date of this Order.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell*

1

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  See *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendant Bernalillo County Sheriff's Office used excessive force in executing Plaintiff's arrest, in violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution.  [Doc. 1]  Specifically, the complaint alleges that a SWAT team entered Plaintiff's home while he was sleeping and "each member of the SWAT team took turns hitting [Plaintiff] in [his] body and behind [his] head."  [Doc. 1 at 7]  The complaint further alleges that the officers shot Plaintiff in the right shoulder and a police K-9 dog bit him while "the SWAT team members 'high fived.'"  [*Id.*]  Additionally, the officers allegedly cuffed Plaintiff's injured arm "more than [was] needed" and "refused to loosen [Plaintiff's] wrist restraints."  [*Id.*]  Finally, the complaint alleges that the officers forced Plaintiff to walk down Barcelona Street naked "in front of crowds of people."  [*Id.*]  Plaintiff's complaint seeks monetary damages.

Defendant Bernalillo County Sheriff's Office cannot be held separately liable in an action under § 1983 and, as such, is not a proper defendant.  See *Hinton v. Dennis*, 362 Fed. App'x 904, 907 (10th Cir. 2010) ("Generally, governmental sub-units are not separate suable entities that may be sued under § 1983.") (unpublished opinion); *see also Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (dismissing the plaintiff's civil rights complaint against the City of Denver Police Department because it "is not a separate suable entity"), *vacated and remanded on other grounds sub nom. Tyus v. Martinez*, 475 U.S. 1138 (1986).  Therefore, for purposes of this Order, the Court liberally will construe Plaintiff's claims against the Bernalillo County Sheriff's Office as directed against the County itself.

A county "cannot be held liable under section 1983 on a *respondeat superior* theory for

merely employing a tortfeasor." *Starrett v. Wadley*, 876 F.2d 808, 818 (10th Cir. 1989) (citing *Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658 (1978)).  Rather, counties "are subject to liability only for their official policies or customs." *Id.*  In the present case, Plaintiff's civil rights complaint fails to allege that Bernalillo County had an official policy or custom regarding the use of excessive force in violation of the Fourth Amendment.  Thus, Plaintiff's civil rights complaint fails to state a claim for relief and will be dismissed.

The Court will grant Plaintiff leave to file an amended complaint within twenty-one days of the date of this Order.  Plaintiff's amended complaint must "make clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original).  Failure to comply with this Order may result in dismissal of this action without further notice.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED without prejudice and, within twenty-one (21) days from the entry of this Order, Plaintiff may file an amended complaint identifying the individual(s) who allegedly violated Plaintiff's Fourth Amendment rights.

_____
UNITED STATES DISTRICT JUDGE